IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:23CR56 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | |
| LEE FRIEDMAN, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION TO DISMISS COUNT EIGHT |
| | ) | OF THE INDICTMENT |

Now comes the United States of America, by and through its counsel, David M. Toepfer, United States Attorney for the Northern District of Ohio, and Gene Crawford and Dexter L. Phillips, Assistant United States Attorneys, and hereby object to Friedman's *Motion to Dismiss Count 8 for Lack of Venue*, filed July 31, 2025, and moves this Court to deny same without an evidentiary hearing. The government's objection is further discussed in the memorandum in opposition attached hereto.

**MEMORANDUM IN OPPOSITION**

This Court should deny Friedman's motion because it raised a factual dispute as to venue to be decided by a jury at trail, where the government will have a full and fair opportunity to establish venue.

The Federal Rules of Criminal Procedure provide that "[t]he following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available <u>and the motion can be determined without a trial on the merits</u>: (A) a defect in instituting the prosecution, including: (i) improper venue." Fed. R. Crim. P. 12(b)(3)(A)(i) (emphasis added).

"Generally, motions are capable of determination before trial if they raise questions of law rather than fact." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). "[V]enue is ordinarily a question of fact for the jury." *United States v. Cooper*, 40 F. App'x 39, 41 (6th Cir. 2002). Determining the proper venue can often require resolution of factual disputes, and, in those circumstances, the government must make its case in favor of venue at trial. *See United States v. Scaife*, 749 F.2d 338, 346 (6th Cir. 1984) (stating that "the government . . . offer[s] evidence at trial proving that venue is proper" and "if the government fails to meet its burden at trial, then the defendant is free to raise [an] objection"); *United States v. Van Phong Nguyen*, 608 F.3d 368, 374 (8th Cir. 2010) ("Where the relevant facts are disputed, venue is a question of fact for the jury to decide."); *United States v. Taylor*, No. 3:04cr130, at *3 (S.D. Ohio July 31, 2006) ("Venue is a factual issue which must be resolved at trial."); *United States v. Ayo*, 801 F. Supp. 2d 1323, 1327 (S.D. Ala. 2011) ("a court may resolve venue before trial when the question is one of law and not of disputed fact.").

"[T]he government need only present proof sufficient to allow a rational trier of fact to conclude that venue was proper by a preponderance of the evidence." *United States v. Grenoble*, 413 F.3d 569, 573 (6th Cir. 2005).

Here, prior to trial, Friedman moves this court to dismiss count eight of the indictment for lack of venue. The arguments advanced by Friedman are factual in nature. Friedman cited to bank records from JP Morgan Chase and Wells Fargo and argued that the facts do not support venue in the Northern District of Ohio. The government disagrees with Friedman. As such, Friedman raised a factual dispute, not a legal dispute. Accordingly, the factual issue of whether venue is proper in the Northern District of Ohio is for a jury to decide, and the government should be afforded a full and fair opportunity to make its case in favor of venue at trial.

The venue provisions applicable to Count 8, moreover, are much broader than Mr. Friedman believes, and they ultimately show that venue for Count 8 involves resolution of factual details at trial. Section 1956(i)(3) says that "a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts . . . any portion of the transaction may be charged in any district in which the transaction takes place." "Conducts" is defined broadly: it "includes initiating, concluding, or participating in initiating, or concluding a transaction. 18 U.S.C. § 1956(c)(2). A "transaction" is equally broad: it "includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition . . . by whatever means effected," *id.* § 1956(c)(3), or more specifically for § 1957, a "monetary transaction" is "the deposit, withdrawal, transfer, or exchange . . . of funds or a monetary instrument," § 1957(f)(1).

Putting these definitions together, a person who initiates or participates in initiating any portion of a "transaction," which includes any "disposition" of funds "by whatever means

3

effected," can be charged in the district in which that "disposition" by "whatever means effected" takes place under 18 U.S.C. § 1957, which is the offense charged in Count 8.  As Mr. Friedman's selected records reflect, the funds involved in Count 8 were transferred out of a business account, Chase x9868, for which the account opening documents name the depositor as "Vintro Hotels & Resorts Ohio LLC, DBA Maui Sands Resorts" and list a "business address" of "5513 Milan Rd., Sandusky, OH 44870-5858," a location in the Northern District of Ohio, Eastern Division.  Proof at trial, moreover, will show that these funds were meant to cover a (fraudulent) insurance claim for the Mau Sands Resort in Sandusky.  It would be odd to conclude that transfers out of an account opened for a business located wholly in the Northern District of Ohio, as described in the account's opening documents, do not amount to a transaction taking place in the Northern District of Ohio.

In any event, this proves too much, because how to characterize Count 8 depends on how the jury views the facts, what role each defendant had in the movement of money, and what inferences it draws about how various transactions were conducted.  The jurors will then ask themselves if venue has been established—not beyond a reasonable doubt—but by a preponderance of the evidence, *United States v. Thomas*, 74 F.3d 701, 709 (6th Cir. 1996), a question which they are likely to answer affirmatively.

Therefore, this Court should deny Friedman's motion because it raised a factual dispute to be decided by a jury at trail where the government will have a full and fair opportunity to establish venue.

## **CONCLUSION**

THEREFORE, the government objects to Friedman's *Motion to Dismiss Count 8 for Lack of Venue,* filed July 31, 2025, and moves this Court to deny same without a hearing.

4

5

        Respectfully submitted,

        DAVID M. TOEPFER
        United States Attorney

By:  /s/ *Gene Crawford*
       Gene Crawford (OH: 0076280)
       Dexter L. Phillips (OH: 0088374)
       Assistant United States Attorneys
       Four Seagate, Suite 308
       Toledo, OH 43604
       (419) 241-0726
       Gene.Crawford@usdoj.gov
       Dexter.Phillips@usdoj.gov