IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 3:23 CR 56 |
| | ) | |
| | ) | Judge Jeffrey J. Helmick |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| vs. | ) | **DEFENDANT'S RIGHTS** |
| | ) | **AFTER TESTIFYING IN A** |
| **LEE FRIEDMAN,** | ) | **BOND HEARING** |
| | ) | |
| Defendant. | ) | Charles M. Boss (11436) |
| | ) | 111 Dudley St |
| | ) | Maumee, OH 43537 |
| | ) | Ph.: (419) 893-5555 |
| | ) | Fax: (419) 893-2979 |
| | ) | chuck@bossvitou.com |
| | ) | **Attorney for Defendant** |
| | ) | **Lee Friedman** |

\* \* \* \* \*

**NOW COMES** Defendant Lee Friedman, by and through undersigned counsel, to herein submit this brief in support of prohibiting testimony Mr. Freidman may offer at his bond revocation hearing from being used against him in subsequent proceedings in this case. If Mr. Friedman testifies, he herein does not waive his Fifth Amendment right to remain silent later.

## ARGUMENT

I. **Mr. Friedman's statements in a bond hearing must not be used against him in future proceedings.**

    A. *Using such statements would violate Mr. Friedman's Fifth Amendment rights.*

1

In *Simmons v. United States*, 390 U.S. 377, 394 (1968), the Supreme Court reversed a conviction for armed robbery because the lower court admitted statements by the defendant in a pretrial suppression hearing. In the hearing, the defendant attempted to exclude a suitcase found by police executing a search warrant.[1] By arguing that he owned the suitcase, the defendant could claim standing for a Fourth Amendment right against unreasonable searches. If admitted, however, the defendant's statement that he owned the suitcase would send him to prison.[2] The defendant had a choice between waiving his Fourth Amendment right or invoking it at a suppression hearing thereby losing his Fifth Amendment right against self-incrimination.[3] The Supreme Court found it "intolerable that one constitutional right should have to be surrendered in order to assert another."[4]

Likewise, by allowing statements made at the bond hearing to be used in future proceedings, Mr. Friedman faces the intolerable choice between his Fifth Amendment right to life and liberty and his Fifth Amendment right to not be a witness against oneself.[5] The Supreme Court agreed in *Mitchell v. United States*, 526 U.S. 314, 327 (1999), when it held that pleading guilty did not waive a defendant's right to remain silent in a sentencing hearing since speaking could cost him his liberty. Mr. Friedman vastly prefers to be free on bond rather than in a federal detention center. This means

---

[1] *Simmons v. United States*, 390 U.S. 377, 389 (1968).
[2] *Id.* at 391.
[3] *Id.* at 394.
[4] *Id.*
[5] *Downey v. City of Toledo*, 2021 U.S. App. LEXIS 11173 *6 (6th Cir.) ("such a dilemma is cured by a rule prohibiting the State from using testimony offered in that proceeding in a future criminal prosecution.") (citing *Simmons*, 390 U.S. at 389).

Mr. Friedman may choose to testify at his bond revocation hearing to give his version of events. But if a trial ensues, he may choose to remain silent for numerous reasons, including that the penalties for losing at trial are far greater than in a bond hearing. He must not lose that right.

> B. *Admitting statements from a bond hearing would be unfairly prejudicial under Federal Rule of Evidence 403.*

Mr. Friedman recognizes that party opponent statements are exempt from the rule against hearsay.[6] However, party opponent statements may still be inadmissible when their probative value is substantially outweighed by the danger of unfair prejudice.[7] In a bond hearing, the Federal Rules of Evidence do not apply.[8] This means the Government can rely on hearsay and other normally inadmissible evidence to elicit incriminating information from a witness. Any probative value of Mr. Friedman's statements is surely outweighed by the unfairness of allowing them to be used at trial when those statements could not be obtained in the same way at the trial itself.

The Government has innumerable ways it could use this advantage. For example, the Government may ask Mr. Friedman on cross, "Richard Wang Zao told you that the source of the funds you wired was a hospital, isn't that true?" The Government cannot ask this question in a trial because it contains Zao's out of court

---

[6] Fed. R. of Evid. 801(d)(2)(A).
[7] Fed. R. of Evid. 403.
[8] Fed. R. of Evid. 1101(d)(3) (These rules — except for those on privilege — do not apply to miscellaneous proceedings such as considering whether to release on bail or otherwise); *Gleason v. United States*, 2010 U.S. Dist. LEXIS 39226 *56 ("18 U.S.C. 3142(f)(2)(b) expressly states that the Federal Rules of Evidence do not apply at bail hearings").

statement used for the truth of the matter asserted. To ask that question needs an exclusion to the rule against hearsay or that Richard Wang Zao testify. A bond hearing should not be used to circumvent requirements imposed by the Federal Rules of Evidence.[9]

> C. *Admitting statements from a bond hearing violates the Confrontation Clause of the Sixth Amendment.*

Similarly, allowing statements from a bond hearing to be used against Mr. Friedman is unfairly prejudicial because the Sixth Amendment's Confrontation Clause does not apply in a bond hearing.[10] One piece of evidence the Government has offered for this hearing is an FBI complaint referral form filled out by Jose Reygadas. In it, Mr. Reygadas alleges to have received wired funds from Mr. Friedman. He states that Mr. Friedman then gave him a bitcoin wallet address to send those funds. These statements are direct accusations by Mr. Reygadas that in a trial implicate the Confrontation Clause and require Mr. Friedman be able to cross examine him.

However, Mr. Friedman will not be able to cross either Mr. Reygadas or the Government attorney who proffers the evidence. This puts Mr. Friedman in the precarious position of being the one who needs to testify in order to confront the witness against him. If those statements can then be used against him in trial, the Government might never have to call those witnesses later, leaving Mr. Friedman

---

[9] *Gleason v. United States*, 2010 U.S. Dist. LEXIS 39226, *55 (S.D. Ohio) (bail hearings are "typically informal affairs, not substitutes for trial or discovery".).
[10] *Barber v. Page*, 390 U.S. 719, 725 ("The right to confrontation is basically a trial right").

with no accuser to cross examine. The bond hearing should not be a way to usurp Mr. Friedman's Sixth Amendment right.

Finally, all statements by Mr. Friedman at a bond hearing should be barred from later use, not just those that rely on evidence or questions not permitted at trial. To do otherwise would be a logistical nightmare. This will cause Mr. Friedman to have to analyze each question in real time on the stand to determine if his response could be used later. It would then place an onus on the Court at a trial to weed through every question to determine if the response is admissibile.[11] More appropriate would be a blanket prohibition on all statements except those that could support a separate charge for perjury.

II. **Mr. Friedman's decision to testify in a bond hearing does not waive his right against self-incrimination in future proceedings.**

A defendant who testifies in one proceeding does not waive the right to invoke a Fifth Amendment right to remain silent in a second proceeding.[12] Courts have explained why:

> The policy behind the majority rule that the privilege is "proceeding specific" and not waived in a subsequent proceeding by waiver in an earlier one, rests on the thought that during the period between the successive proceedings conditions might have changed creating new grounds for apprehension, *e.g.*, the passage of new criminal law, or that the witness might be subject to different interrogation for different purposes at a subsequent proceeding, or that repetition of testimony in an independent proceeding might itself be incriminating, even if it merely repeated or acknowledged the witness' earlier

---

[11] *Walters v. Dale (In re Flint Water Cases)*, 53 F.4th 176, 186 (6th Cir. 2023) (district court chose not to proceed this way).
[12] *Id.* at 209.

testimony, because it could constitute an independent source of evidence against him or her.[13]

The general rule for cross-examination is that it "should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination."[14] Mr. Friedman does not argue that testimony at trial requires he be subjected to cross about that testimony. What he does ask is for the Court to forbid the Government from asking about matters brought up on direct in the bond hearing that are not asked on direct in a trial. Furthermore, if the Court allows the Government to conduct a direct inquiry into additional matters, Mr. Friedman should be able to assert his right to remain silent.

**WHEREFORE,** Defendant respectfully asks this Court to order that any testimony Mr. Friedman gives at his bond revocation hearing not be used against him in subsequent proceedings in this case and that if he does testify, he does not waive his Fifth Amendment right to remain silent.

Respectfully submitted,

/s/Charles M. Boss
Charles M. Boss
*Attorney for Defendant*
*Lee Friedman*

---

[13] *In re Morganroth*, 718 F.2d 161, 165 (6th Cir. 1986).
[14] Fed. R. Evid. 611(b).

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that **DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S RIGHTS AFTER TESTIFYING IN A BOND HEARING** was filed electronically this 10th day of September, 2025.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

Respectfully Submitted,
/s/Charles M. Boss
Charles M. Boss
*Attorney for Mr. Lee Friedman*
