IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 3:23CR56 |
| | ) |
| Plaintiff, | ) JUDGE JEFFREY J. HELMICK |
| | ) |
| v. | ) |
| | ) |
| LEE FRIEDMAN, | ) GOVERNMENT'S MEMORANDUM IN |
| | ) OPPOSITION TO DEFENDANT'S |
| Defendant. | ) MOTION TO LIMIT USE OF |
| | ) DEFENDANT'S BAIL HEARING |
| | ) TESTIMONY |

Now comes the United States of America, by and through its counsel, David M. Toepfer, United States Attorney for the Northern District of Ohio, and Gene Crawford and Dexter L. Phillips, Assistant United States Attorneys, and hereby object to Friedman's *Brief in Support of Defendant's Rights after Testifying in a Bond Hearing*, filed September 10, 2025, and moves this Court to deny same. If Friedman chooses to testify at the bail hearing, this Court should warn Friedman that his testimony could be used against him. The government's objection is further discussed in the memorandum in opposition attached hereto.

## MEMORANDUM IN OPPOSITION

This Court should deny Friedman's request for an order limiting the government's use of his bail hearing testimony because such testimony is not compelled in violation of the Fifth Amendment.

A defendant's bail hearing testimony may be used against him at trial. *United States v. Dean*, No. 90-1420, at *8-9 (6th Cir. Mar. 7, 1991) ("we do find the case of *Porretto v. Stalder*, 834 F.2d 461 (5th Cir. 1987), to be helpful in its reasoning."). "It appears as though the Sixth Circuit Court of Appeals has followed in the path of the First and Fifth Circuits, and allowed for

a defendant's bail hearing testimony to be used against him at trial, even in the context of a defendant facing a rebuttable presumption." *United States v. Enix*, 212 F. Supp. 3d 408, 410-11 (W.D.N.Y. 2016) (citing *United States v. Dean*, No. 90-1420, 1991 U.S. App. LEXIS 4064, 1991 WL 29197, at *3-4 (6th Cir. Mar. 7, 1991)); *See United States v. Ingraham*, 832 F.2d 229, 230 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988) ("The court also held that there was no error in admitting defendant's statements, which he made to a magistrate at his bail hearing, as evidence against him at trial."); *Porretto v. Stalder*, 834 F.2d 461, 466 (5th Cir. 1987) ("[B]ail testimony voluntarily given by the defendant is admissible against him at trial.").

At a bail hearing, "the [Bail Reform] Act does not demand further explanation by the defendant. If the defendant wishes to rebut the government's allegations and evidence, he need not personally testify because he may present evidence through hearsay or by proffer." *United States v. Parker*, 848 F.2d 61, 63 (5th Cir. 1988); *See* 18 U.S.C. § 3142(f)(2)(B) ("The person shall be afforded an opportunity to…present information by proffer or otherwise.").

Here, if Friedman chooses to testify at the bail hearing, such testimony is not compelled in violation of the Fifth Amendment. Here, the government carries the burden to establish probable cause to believe Friedman violated the terms of his release. On the other hand, Friedman has no burden of proof and there are no presumptions. If Friedman wishes to rebut the government's allegations and evidence, he need not personally testify because he may present evidence through hearsay or by proffer. Consequently, if Friedman voluntarily chooses to testify at the bail hearing, such testimony is not compelled in violation of the Fifth Amendment.

Furthermore, *Simmons v. United States*, 390 U.S. 377 (1968) does not apply to this case. Unlike this case, *Simmons* involved a defendant establishing standing to assert Fourth

2

Amendment rights at a suppression hearing.[1]  Here, unlike *Simmons*, Friedman does not carry the burden of proof.  Here, unlike *Simmons*, Friedman does not need to personally testify at the bail hearing.  Rather, as discussed above, Friedman has options.  Instead of testifying, Freidman may present evidence to rebut the government's allegations through hearsay or by proffer.  Therefore, here, unlike *Simmons*, Friedman is not forced to choose between Constitutional rights.  That is, here, Friedman may exercise his Fifth Amendment rights and his Eighth Amendment right to bail by presenting evidence to rebut the government's allegations through hearsay or proffer.  Therefore, *Simmons v. United States*, 390 U.S. 377 (1968) does not apply to this case. *See Porretto v. Stalder*, 834 F.2d 461, 466 (5th Cir. 1987) (holding that testimony at a bail hearing is not subject to the rule articulated in *Simmons*).  Thus, if Friedman voluntarily chooses to testify at the bail hearing, such testimony is not compelled in violation of the Fifth Amendment.

Moreover, Friedman's confrontation augment is simply not ripe for review.  "[T]he United States Supreme Court has repeatedly explained that the [Sixth Amendment] right to confrontation is basically a trial right."  *United States v. Burke*, 345 F.3d 426, 418 (6th Cir. 2003).  If the government fails to call Reygadas to testify at a future trial, then Friedman may raise the confrontation issue at that time.  Until that time, Friedman's confrontation augment is simply not ripe for review and does not constitute grounds for an order limiting the government's use of the testimony.

---

[1] "Fourth Amendment rights are personal in nature and may not be asserted vicariously." *Beverly v. United States*, 627 F.2d 1089, 1089 (6th Cir. 1980).  Therefore, "[t]o establish standing for a suppression motion, a defendant has the burden of showing that she had manifested a subjective expectation of privacy in the object and that society would recognize her expectation was legitimate." *United States v. Elgin*, 57 F. App'x 659, 660 (6th Cir. 2003).  Thus, where a defendant seeks to establish standing by way of a privacy interest, the defendant's personal testimony may be necessary.

Additionally, the admissibility of Friedman's bail testimony under the Federal Rules of Evidence, at a future trial, is not ripe for review.  Friedman has not yet testified at the bail hearing.  So, we don't even know what Friedman's testimony will be.  Surely, Friedman's speculation that his yet-to-exist testimony will not be admissible under the rules of evidence at a future trial does not constitute grounds for an order now limiting the government's use of the testimony.

Therefore, this Court should deny Friedman's request for an order limiting the government's use of his bail hearing testimony because such testimony would not be compelled in violation of the Fifth Amendment.

## CONCLUSION

THEREFORE, the government objects to Friedman's *Brief in Support of Defendant's Rights after Testifying in a Bond Hearing*, filed September 10, 2025, and moves this Court to deny same.  If Friedman chooses to testify at the bail hearing, this Court should warn Friedman that his testimony could be used against him.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:   /s/ *Gene Crawford*
Gene Crawford (OH: 0076280)
Dexter L. Phillips (OH: 0088374)
Assistant United States Attorneys
Four Seagate, Suite 308
Toledo, OH 43604
Ph: (419) 241-0726
Gene.Crawford@usdoj.gov
Dexter.Phillips@usdoj.gov
